Filed 8/8/13  P. v. DeWitt CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072595 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F06533) |
| v. | |
| DARRELL ALVIN DEWITT, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Kelly* (2006) 40 Cal.4th 106, 110 (*Kelly*).  Having reviewed the record as required by *Wende*, we note two errors in the abstract of judgment, which we will order corrected.  The judgment is affirmed.

We provide the following brief description of the facts and procedural history of the case.   (*Kelly*, *supra*, 40 Cal.4th at p. 124.)

1

Nineteen-year-old defendant Darrell Alvin DeWitt lived in an Elk Grove apartment with his father, Darrell Andre DeWitt (Darrell) and his 18-year-old brother Andre DeWitt (Andre). Darrell, who suffered from congestive heart failure, spent much of the time in his bedroom. Darrell and defendant constantly argued because Darrell wanted defendant to get a job and help around the apartment. Defendant once told his uncle he hated Darrell and wanted to kill him.

On the morning of September 19, 2011, defendant and Darrell got into an argument that culminated in Darrell asking defendant to move out for a week. At around noon, defendant gave Andre $40 and told him to walk to a nearby Metro PCS store to make a payment on their shared cell phone account.

After Andre left, defendant carried a double-headed battle axe from his room to Darrell's room and hit Darrell on the top of the head. Defendant continued the attack, striking Darrell several times on the head, neck and body with the battle axe. When he was done, defendant wrapped up the bloody axe, closed the door, and left the room.

At 12:30 p.m., defendant ran into his friend Chase Hunt about a quarter of a mile from the apartment. Defendant, who was jumping and skipping around, told Hunt he was happy. Defendant later returned to the apartment with Hunt, and by mid-evening, defendant, Andre, Hunt, and two other friends sat around the apartment drinking vodka. Defendant ended the party when the two other friends did not share their orange juice mixer.

When Andre woke up the following morning, defendant suggested they walk to Denny's for breakfast. When they returned from breakfast, they shared some alcohol with Hunt and two other young men. After playing video games for several hours, Andre realized he had not seen Darrell since the previous day. He asked defendant what happened, and defendant said he had killed him.

Andre was in shock and disbelief. He opened the door to Darrell's room, where he found blood on the wall and Darrell's body draped with covers in the corner with his feet sticking out from a comforter that covered most of his body. Andre left the apartment on foot, saying he was going to a friend's house. Defendant followed close behind him saying, "Don't tell anybody." Andre immediately called 911.

Darrell died of chop wounds to the head and chest. A double-headed battle axe wrapped in a bathrobe was found stuffed in a dresser drawer in defendant's bedroom.

Defendant waived a jury trial. Following the four-day court trial, defendant was convicted of first degree murder with a dangerous weapon enhancement. (Pen. Code, § 187, subd. (a), former § 12022, subd. (b)(1).) The trial court sentenced defendant to 25 years to life plus one year, imposed various fines and fees, and awarded 421 days of presentence custody credit. (Pen. Code, § 2933.)

Defendant appeals.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We note two errors in the abstract of judgment: (1) The abstract indicates defendant was convicted by a jury; this is incorrect. As noted, defendant waived a jury trial and was convicted following a court trial. (2) The year the crime was committed is

3

shown as "2012"—this should be "2011." We will order the abstract of judgment corrected at item 1 in these respects.

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment in accordance with this opinion and forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.


            BUTZ          , Acting P. J.


We concur:


       MAURO      , J.


       MURRAY     , J.